## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | | |
|---|---|---|
| EMERGENCY SERVICES OF ZEPHYRHILLS, P.A., INPHYNET CONTRACTING SERVICES, LLC, INPHYNET SOUTH BROWARD, LLC, IPN EMERGENCY PHYSICIANS OF NORTH FLORIDA, P.A., PARAGON CONTRACTING SERVICES, LLC, PARAGON EMERGENCY SERVICES, LLC and SOUTHWEST FLORIDA EMERGENCY MANAGEMENT, INC., | §§§§§§§§§§§ | |
| Plaintiffs, | §§ | NO. _____ |
| vs. | §§§ | |
| COVENTRY HEALTH CARE OF FLORIDA, INC., | §§§§ | |
| Defendant. | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Coventry Health Care of Florida, Inc. ("Coventry" or "Defendant") files this Notice of Removal of Civil Action brought by Plaintiffs Emergency Services of Zephyrhills, P.A., Inphynet Contracting Services, LLC, Inphynet South Broward, LLC, IPN Emergency Physicians of North Florida, P.A., Paragon Contracting Services, LLC, Paragon Emergency Services, LLC and Southwest Florida Emergency Management, Inc., ("Plaintiffs"). The grounds in support of this Notice of Removal are as follows:

1. **The State Court Action, Parties and Pleadings.** Plaintiffs filed a civil action against Defendant, on or about May 13, 2016, in the 11th Judicial Circuit for Miami-Dade County, Florida, under Case No. 2016-CA-012265-01 (the "State Court Action"). True and correct copies of all materials listed in 28 U.S.C. 1446(a), including Plaintiffs' Complaint (the "Complaint"), the summons received by Defendant, Defendant's Answer and Affirmative

HOU:3745658.3

Defenses to Plaintiff's Complaint ("Answer"), Plaintiff's Reply to Defendant's Answer and Affirmative Defenses ("Reply"), and the State Court's Order Determining Trial Judge are attached hereto as **Composite Exhibit 1**. Plaintiffs' Complaint did not identify the medical claims forming the basis of their pleaded causes of action.

2.     Defendant filed its Answer in the State Court Action on July 19, 2016. Plaintiffs filed their Reply in the State Court Action on August 5, 2016. True and correct copies of Defendant's Answer and Plaintiffs' Reply are attached hereto. *See* **Composite Exhibit 1.**

3.     **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b)(3).** This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b)(3) because the State Court Action is being removed prior to the expiration of the statutorily allowed thirty-day period after Defendant received a copy of an amended pleading, motion, or *other paper* from which it was first ascertained that this case is one which is or has become removable.[1] Specifically, on November 14, 2016, Plaintiffs produced to Defendant's counsel an Excel spreadsheet, purporting to identify the medical claims at issue in the State Court Action for the first time.

4.     Plaintiffs' spreadsheet identified the specific medical claims at issue with certain elements of claims information, including patient name, dates of service, diagnoses, service codes, and the total amount charged by Plaintiffs for each medical claim. Some of these medical claims asserted by Plaintiffs were for treatment rendered to patients whose healthcare coverage is available, if at all, under employee welfare benefit plans governed by ERISA.[2] Prior to the November 14, 2016 document production described above, Plaintiffs had not identified the specific medical claims forming the basis of their causes of action against Defendant set forth in their Complaint. Thus, the medical claims identified by Plaintiffs on November 14, 2016,

---

[1] 28 U.S.C. § 1446(b).

[2] The Employee Retirement Income Security Act of 1974, as amended, (ERISA), 29 U.S.C. § 1001-1461.

revealed, for the first time, that Plaintiffs are asserting claims seeking healthcare benefits available under self-funded ERISA benefit plans and challenging benefits determinations made by the ERISA claims administrators to those plans.  Plaintiffs' claims for damages arising from such plans and benefits are completely preempted by federal law and removable to federal court.[3]

5.      **ERISA Complete Preemption Raises a Federal Question.**  Plaintiffs' Complaint necessarily raises a federal claim in character because ERISA completely preempts certain state law claims as set forth below. Therefore, the State Court Action may be removed to this Court because it arises under the laws of the United States.

6.      Specifically, the Complaint alleges that Plaintiffs are "non-participating or out-of-network" healthcare providers who do not have "participation agreements with Coventry."[4]  As non-contracted medical providers, Plaintiffs allege that they provided certain out-of-network medical services to Coventry members and then "billed Coventry for the emergency medicine services its professionals have provided" to such members.[5]  The Complaint further alleges that "Coventry has not paid the Plaintiffs either their billed charges, the fair market value of their services or the reasonable value of their services."[6]  Based on these allegations, Plaintiffs assert various state law causes of action for payment of the medical services based on theories of breach of implied contract, unjust enrichment, and violations of the Florida HMO Act.[7]

7.      The list of medical claims that Plaintiffs produced to Coventry on November 14, 2016, identified—*for the first time*—the specific medical claims that were at issue in this

---

[3]  28 U.S.C. § 1446(b).

[4] *See* Complaint, Attachment 1 at ¶ 22.

[5] *See* Complaint, Attachment 1 at ¶ 36.

[6] *See* Complaint, Attachment 1 at ¶ 44.

[7] *See* Complaint, Attachment 1 at ¶¶ 49-62.

lawsuit.  Most of the members whose medical treatment and medical claims were identified by the Plaintiffs were covered under employee benefits plans governed by ERISA. Coventry provides certain claims administrative services to these ERISA plans, including administering claims for benefits under the terms of the ERISA plans and paying covered services with plan benefits.

8.      As reflected in the Complaint, the crux of this dispute involves Plaintiffs' contention that they have been underpaid on certain claims for emergency medical services.  As "non-participating or out-of-network" healthcare providers, Plaintiffs do not have a network contract or any other reimbursement agreements with Coventry establishing agreed upon rates for their medical services.  Given the absence of such contracts, Plaintiffs rely on Section 641.513(5) of the Florida Statutes which addresses "reimbursement required to be paid by managed care organizations licensed as HMOs to out-of-network emergency medicine physicians."[8]  Section 641.513(5) provides that an HMO's reimbursement to non-contracted medical providers rendering emergency services to HMO members shall be the _lesser_ of:

(a)   The provider's charges;

(b)   The usual and customary provider charges for similar services in the community where the services were provided; or

(c)   The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

Plaintiffs allege that Coventry ultimately reimbursed Plaintiffs at rates below the "fair market value" for the medical services which violates the "usual and customary" reimbursement requirements established by Section 641.513(5)(b).[9]

---

[8] _See_ Complaint, Attachment 1 at ¶ 29.

[9] Plaintiffs do not contend they are entitled to their full billed charges under subsection (a) or that the parties mutually agreed on specific reimbursement rates for Plaintiffs' services after treatment was rendered under subsection (c).  _See_ Complaint, Attachment 1 at ¶3 ("Plaintiffs assert [the fair market value of their services] is

9.      As an ERISA claims administrator for the majority of the disputed claims, Coventry adjudicated Plaintiffs' assigned claims and issued payment pursuant to the terms of the underlying ERISA plans covering the patients.  Such payments included, among other things, Coventry's determination of the usual and customary provider charges payable under the terms of self-funded ERISA plans.  These ERISA plans' payment terms—not Section 641.513(5)—govern the payment requirements for medical claims where Plaintiffs are seeking reimbursement for services covered by such plans.  Section 641.513(5) is expressly preempted under Section 514 of ERISA because it directly interferes with Coventry's adjudication of ERISA claims, including claims submitted under self-funded ERISA plans, and is an impermissible encroachment upon federal law.[10]

10.      Plaintiffs are not entitled to payment on their medical services in excess of the coverage and payment terms of ERISA plans.[11] In seeking such excessive amounts as set forth in the Complaint, Plaintiffs are necessarily challenging Coventry's payment determinations made as the ERISA claims administrator of its members' ERISA plans and are therefore seeking additional unpaid ERISA benefits allegedly owed under such plans.[12] Thus, Plaintiffs are

---

equivalent to 75% of Plaintiffs' charges"); *id.* at ¶ 56 ("Defendant Coventry and the Plaintiffs did not mutually agree on a specific charge for any of the Non-Participating Claims within 60 days of Plaintiffs' submittal of the claims").

[10] *See America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1331 (11th Cir. 2014) (finding complete ERISA preemption of a state statute that impermissibly interfered with claims adjudication and payment processes of self-funded ERISA plans); 29 U.S.C. § 1144(a) ( "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title").

[11] *Jacobs v. Highmark Health*, 1:14-cv-24725-UU, 2015 WL 12699875, at *1 (S.D. Fla. Mar. 12, 2015) (finding ERISA complete preemption where the provider plaintiff s alleged that the defendant arbitrarily reduced payment on medical claims and noting that "despite Plaintiffs' allegations, their claims are based on interpreting the ERISA plan and determining whether there is coverage for the full amount of their submitted charges").

[12] The Eleventh Circuit has held that claims "about wrongfully denied benefits based on determinations of medical necessity relate directly to the coverage afforded by the ERISA plans." *See Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010) (holding that providers' action alleging that insurer failed to pay healthcare providers at contracted rates was subject to federal jurisdiction); s*ee also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350-53 (11th Cir. 2009) (holding that the providers' claims were completely preempted by ERISA's remedies provision, where the providers claimed the administrator improperly

necessarily bringing an ERISA claim, and not a state-law statutory, implied contract, or unjust enrichment claims.[13]

11.     Furthermore, Plaintiffs seek increased payments from Coventry for covered services rendered to persons whose *only* relationship with Coventry is that they are participants or beneficiaries in ERISA plans insured or administered by Coventry.  Without a direct contract with Coventry, Plaintiffs' *only* entitlement to payment for covered medical services provided to Coventry members required an assignment of medical benefits from the members.  Plaintiffs did, in fact, submit their medical claims to Coventry pursuant to assignments of benefits payable under the members' various ERISA plans.  As an assignee of the patients' rights to payment of any medical benefits available under these ERISA plans, Plaintiffs could have brought their claims complaining about Coventry's coverage determinations under the relevant plans pursuant to the civil enforcement provisions of ERISA.  Plaintiffs' claims for unpaid benefits in this lawsuit are therefore not based on any duty independent of ERISA or the ERISA plans' respective terms and Plaintiffs have asserted state law claims that are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[14]

12.     **Notice Filed in the State Court**.  Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiffs and a copy of this Notice of Removal will be filed with the District Clerk of Miami-Dade County, Florida, as provided by law.  A true and

---

paid them below their contracted rates, refused to pay claims for "medically necessary" services, or "systematically" reduced providers' "reimbursement for medically necessary services").

[13] *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1388 (S.D. Fla. 2013) ("If the right to payment derives from the ERISA benefit plan as opposed to another independent obligation, the resolution of a right to payment dispute requires an interpretation of the plan.").

[14] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Borrero*, 610 F.3d at 1304.  A claim falls within the scope of 29 U.S.C. § 1132(a) and is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought the claim under ERISA, and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210.  Both elements are satisfied here.

correct copy of the Notice being filed with the District Clerk of Miami-Dade County, Florida is

attached hereto as **Exhibit 2**.[15]

WHEREFORE, Defendant prays that the State Court Action be removed to the United

States District Court for the Southern District of Florida.

Respectfully submitted,

By: */s/ Richard P. Hermann, II*
SHAPIRO, BLASI, WASSERMAN &
HERMANN, P.A.
*Counsel for Defendant*
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
RICHARD P. HERMANN, II, ESQ.
Florida Bar No. 110019
DAVID J. DEPIANO, ESQ.
Florida Bar No. 0055699
Telephone: (561) 477-7800
Facsimile:  (561) 477-7722

**ATTORNEYS-IN-CHARGE FOR**
**DEFENDANT COVENTRY HEALTH CARE**
**OF FLORIDA, INC.**

---

[15] The state court record for this lawsuit, including pleadings, responses, notices, processes, and orders that were filed in the State Court Action, is being supplied by Defendant contemporaneously with this Notice of Removal.

-7-

## CERTIFICATE OF SERVICE

       I hereby certify that on December 14, 2016, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the electronic case filing system of the Court.  I also certify that true and correct copies have also been served on the following counsel of record by email and certified mail, return receipt requested, this 14th day of December, 2016, as follows:

Harvey W. Gurland, Jr., P.A.,
*HWGurland@duanemorris.com*
Felice K. Schonfeld, Esq.
*FKSchonfeld@duanemorris.com*
Duane Morris LLP
200 S. Biscayne Boulevard, Suite 3400
Miami, Florida 33131-2318

Michael R. Gottfried, Esq,
*MRGottfried@duanemorris.com*
Robert Zaffrann, Esq.
*RZaffrann@duanemorris.com*
100 High Street, Suite 2400
Boston Massachusetts 02110-1724

Gregory A. Brodek, Esq.
*GABrodek@duanemorris.com*
88 Hammond Street, Suite 500
Bangor, Maine 04401-4953

*/s/ Richard P. Hermann, II*
  Richard P. Hermann, II