UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:  16-25193-CIV-ALTONAGA/O'SULLIVAN

EMERGENCY SERVICES OF
ZEPHYRHILLS, P.A., et al.,

    Plaintiffs,
v.

COVENTRY HEALTH CARE OF
FLORIDA, INC.,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR REMAND**
**AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs, Emergency Services of Zephyrhills, P.A., Inphynet Contracting Services, LLC, Inphynet South Broward, LLC, IPN Emergency Physicians of North Florida, P.A., Paragon Contracting Services, LLC, Paragon Emergency Services, LLC and Southwest Florida Emergency Management, Inc., ("Plaintiffs") hereby move to remand this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on both procedural and substantive grounds.

    Specifically, Defendant Coventry Health Care of Florida, Inc.'s ("Coventry") removal is untimely as it was not brought within the 30-day deadline from the date the complaint was served.  The Plaintiffs' complaint (the "Complaint") specifically and expressly defined the medical claims at issue as including claims "administered" by Defendant, and thus Defendant knew or, should have known, long before it received the spreadsheets it received in settlement discussions, and upon which it relies for its late removal, all of the information about Plaintiffs'

claims necessary to understand that the self-insured claims "administered" by the Defendant were at issue.

Moreover, the Plaintiffs' claims are not pre-empted by ERISA, and Coventry's claimed basis for federal jurisdiction – complete ERISA preemption – is without merit. The plaintiff providers have brought statutory and quasi-contractual state law claims against Coventry for violations of contractual and legal duties owed to them concerning the *rate of* reimbursement – and not the *right to* reimbursement – for the emergency services they rendered to Coventry members who presented at emergency departments staffed by the plaintiff physician groups. Plaintiffs are not seeking to stand in the shoes of beneficiaries of ERISA plans, and Plaintiffs' claims are **not** for benefits under an ERISA plan nor do they involve coverage determinations under an ERISA plan. Indeed, the claims for additional reimbursement put at issue in Plaintiffs' Complaint are, by definition, all claims that Coventry has already adjudicated, found to be for covered services and paid, albeit at rates below what it was required to pay under state law. This lawsuit only seeks to require Coventry to pay the plaintiff providers the usual and customary rates for similar services in their areas, rather than the below market rates Coventry initially paid.

The law is well-established that such claims are not pre-empted by ERISA, and therefore, Coventry's claimed basis for federal jurisdiction is also without merit. Plaintiff's motion for remand to state court should be granted on both grounds.

In further support of their motion, Plaintiffs state as follows:

## I.     BACKGROUND

Plaintiffs are providers of emergency medical services who staff the emergency departments at a number of hospitals throughout South Florida 24 hours a day, seven days a week and provide emergency medical care and related services to all patients, including patients

with health plans insured, operated or administered by Coventry, presenting to the emergency department.  Complaint at ¶¶ 1, 7-13, 17.  Plaintiffs are obligated by law to examine any individual presenting to the emergency department and to provide treatment, regardless of the individual's insurance coverage or ability to pay.  Complaint at ¶ 20.

All of the plaintiff emergency medicine group practices were "out of network," or "non-participating," with the Defendant Coventry for the claims at issue in the Complaint.  Complaint at ¶ 22.  As a result, for all of the claims at issue, Plaintiffs had not agreed to accept discounted rates from Coventry in exchange for inclusion in its network, nor had they agreed to be bound by Coventry's reimbursement policies or rate schedules.  Complaint at ¶ 24.

At all relevant times, Plaintiffs provided emergency medical services to patients who presented to the emergency department who were members of health plans insured, operated or administered by Coventry.  Complaint at ¶¶ 17, 21.  Each of the Plaintiffs billed Coventry the group's established fees for the emergency medical services they provided to those patients with the understanding that Coventry would comply with its legal obligations to pay Plaintiffs either the billed amount or, where different, the usual and customary rate of the services provided.  Complaint at ¶ 36.  Coventry has at all relevant times paid the Plaintiffs for those services, but at amounts "inappropriately below all of the following:  the Plaintiffs' billed charges, fair market value and the reasonable value of the services in the market place."  Complaint at ¶ 37.  In the Explanation of Benefits notices Coventry sent to Plaintiffs, Coventry cryptically explained its rate of payment with statements like the following: "Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement." Complaint at ¶ 37.

Plaintiffs filed this action against Coventry on May 13, 2016 in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County Florida, and served the Complaint on Coventry

on June 9, 2016.  Plaintiffs in their Complaint seek damages for Defendant's systemic underpayments for the medically necessary, covered services the Plaintiffs provided to patients in health plans "insured, operated or administered by the Defendant, Coventry."  Complaint at ¶ 1.  In their Complaint, Plaintiffs allege that Defendant adjudicated Plaintiffs' claims and determined they were for covered services, but wrongfully underpaid Plaintiffs at rates that were below both: (1) the "usual and customary provider charges" in violation of Section 641.513(5), Florida Statutes (2016), for claims subject to that section; and (2) below the reasonable value of the services in the marketplace, for claims not subject to the Florida statute.  Complaint at ¶ 1.  Plaintiffs asserted three independent state law causes of action against Defendant: (1) violation of Section 641.513(5) Florida Statutes (2016; (2) breach of implied-in-fact contract; and (3) unjust enrichment/breach of implied-in-law contract.

In the 30 days during which Coventry was permitted to file a Notice of Removal, Defendant correctly did not seek removal, because the Complaint clearly pled both that it was addressing administered claims, and further made clear they were not subject to ERISA preemption because the claims concerned only the "rate of" payment, rather than the "right to" payment.  Complaint at ¶ 2.  As a result, Plaintiffs' claims do not implicate federal subject matter jurisdiction under well-settled principles of ERISA preemption law, a point with which the Defendant Coventry, and its parent, Aetna, Inc., were familiar.  In fact, they had unsuccessfully litigated the issue at least eight times, including just three months earlier, in February, 2016, in the United States District Court for the Southern District of Florida.  See Sheridan Healthcorp, Inc. v. Aetna Health Inc., 161 F. Supp. 3d 1238, 1242 (S.D. Fla. 2016).

After exchanging written discovery requests in this case in August and September of 2016, the parties mutually agreed to suspend discovery to explore settlement negotiations.

Although it was redundant of information Coventry already had in its own database, since it had adjudicated and paid every claim at issue in the lawsuit, upon Defendant's request, Plaintiffs provided to Defendant a sample of claims and, on November 14, 2016, several spreadsheets detailing claims Plaintiffs, and others, had submitted to Defendant.

On December 14, 2016, more than six months after service of the Complaint, Coventry purported to remove this action to federal court based on ERISA preemption grounds.  To attempt to explain its untimely removal, Coventry claims the spreadsheets are "other papers" which for the first time put it on notice of a basis justifying removal more than 30 days after service of the Complaint pursuant to 28 U.S.C. § 1446(b).  Specifically, Coventry's apparent claim is that it did not, and could not, have reasonably understood from Plaintiffs' Complaint that it included claims Coventry administered and paid on behalf of self-insured ERISA plans (alleging that the spreadsheets revealed "for the first time" that Plaintiffs' claims arose from "health insurance plans that are completely preempted by ERISA"),  Removal Status Report, [D.E. 6, § 5].  This is not the first time the Defendant has employed this tactic, having unsuccessfully pursued a similar untimely motion in Sheridan.  Moreover, Defendant has offered no explanation of how it could have believed Plaintiffs' Complaint excluded claims Coventry administered on behalf of self-insured ERISA plans, nor does it identify or explain what specific information in the spreadsheets it claims first put it on notice that Plaintiffs' Complaint included such claims.

## II. ARGUMENT

### A. Removal Standard Pursuant to 28 U.S.C. § 1446

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has original jurisdiction when the case presents a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal must be made "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). A complaint may be removed after this period only if, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B. Defendant's Removal is Untimely Because the Complaint Clearly Put Defendant on Notice That It Included Claims Paid by Coventry on Behalf of Self-Funded ERISA Plans

A removing party bears the burden of establishing that jurisdiction lies in federal court and must prove jurisdictional *facts* justifying removal. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Hobbs v. Blue Cross Blue Shield of Ala., 276 F. 3d 1236, (1242) (11th Cir. 2001) (remanding where health insurer failed to provide proof in support of removal). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat. Ins. Crime Bureau, 612 F.Supp.2d 1232, 1234

(M.D.Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

Here, Defendant's claim is that the spreadsheets it received from Plaintiffs in November was the first time Defendant could have been aware that Plaintiffs' Complaint included underpayments Coventry made on claims it administered on behalf of self-insured ERISA plans and therefore removal is proper under 28 U.S.C. 1446(b)(3). A case only becomes removable more than 30 days after service of the complaint when the defendant receives "other papers" from the plaintiff from which it can "first ascertain" that federal jurisdiction exists. Lowery v. Ala. Power Co., 483 F. 3d 1184, 1215 (11th Cir. 2007) (emphasis added); see 28 U.S.C. § 1446(b)(3). Where a defendant seeks late removal based on "other papers" pursuant to 28 U.S.C. § 1446(b)(3), the defendant must unequivocally prove that "the case 'has become removable' due to changed circumstances." See Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 760 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)). Coventry cannot meet that burden here. The assertion that the "other papers" Coventry received in settlement negotiations are changed circumstances is both legally insufficient and factually unsupportable. First, the definition of the claims included in the Complaint is literally set forth in the first paragraph of the Complaint:

> This is an action concerning the rate at which Coventry reimburses the plaintiff emergency medicine groups for the emergency medical services the Plaintiffs' professionals provide to patients covered under commercial health plans, including Affordable Care Act Exchange products ("Exchange products"), insured, operated or ***administered by the Defendant Coventry***.

Complaint, ¶ 1 (emphasis added).

Thus, the Complaint expressly **includes self-insured claims** "administered by the Defendant."[1] Defendant did not need to see the spreadsheets to understand that self-insured claims "administered" by the Defendant were at issue. Moreover, the second paragraph of the Complaint is specifically devoted to addressing the fact that, although some of the claims paid by Coventry on behalf of self-insured ERISA plans are included in the Complaint, they are nonetheless *not pre-empted by ERISA* under well-settled law, because they concern only the rate of payment and not the right to payment:

> Coventry has already adjudicated these claims and determined that all of the claims at issue in this action were for covered services rendered to Coventry Members, and Coventry has already paid all of the claims at issue, albeit at amounts less than the "usual and customary provider charges" and/or the reasonable value of the services. ***Thus, this action concerns only the rate of payment and not the right to payment***. ***This action does not include any claims in which benefits were denied nor does it challenge any coverage determinations under an ERISA plan***. In this action, Plaintiffs are seeking to have Coventry comply with its obligation to pay them at rates that represent both the "usual and customary provider charges" required by statute and the reasonable value of their services in the marketplace required under *quantum meruit* based on their implied-in-fact and/or implied-in-law contract.

Complaint, ¶ 2 (emphasis added).

Furthermore, as noted above, when it reviewed the Complaint the Defendant was acutely aware of the standard for ERISA preemption, having litigated it as recently as three months earlier in the Sheridan case and it has also unsuccessfully attempted removal on the basis of ERISA preemption at least eight times over the past ten years.[2] Defendant has not and cannot

---

[1] Defendant admits in its Notice of Removal that it administers certain self-funded plans.

[2] Defendant, its parent company, Aetna Health, Inc., and their affiliates have lost motions to remand on similar attempts to remove based on ERISA preemption at least eight times over the last ten years: see, e.g., Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna Health, Inc., 3:12-CV-01744-L, 2012 WL 5355800, at *1 (N.D. Tex. Oct. 30, 2012); USC-Kenneth Norris Jr. Cancer Hosp. v. Aetna Health of California, Inc., CV 08-3710 AHM(FMOX), 2008 WL 4889022, at *4 (C.D. Cal. Nov. 7, 2008); N.E. Hosp. Auth. v. Aetna Health Inc., CIV.A. H-07-

offer any explanation how it could have reasonably failed to understand from Plaintiffs' Complaint that it included claims Coventry administered and paid on behalf of self-insured ERISA plans. Accordingly, Defendant has failed to meet its heavy burden to demonstrate that its untimely removal is justified, and remand is warranted.

### C. Coventry Cannot Meet its Burden To Establish That ERISA Completely Preempts Plaintiffs' Claims

Even if its Notice of Removal had been timely, this Court does not have subject matter jurisdiction over Plaintiffs' claims based on preemption under the Employee Retirement Income Security Act ("ERISA"). The Eleventh Circuit, as well as other Courts of Appeal, have held that "rate of payment" actions, like the one here, which challenge the sufficiency of the amount of reimbursement for medical services, do not arise under ERISA. Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1302 (11th Cir. 2010); see also Kelsey-Seybold Med. Group PA v. Great-West Healthcare of Tex., Inc., 611 F. App'x 841 (5th Cir. 2015) (reversing and remanding judgment of district court that ruled provider's breach of contract claim for failure to pay contractual rate was preempted by ERISA); Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 (2d Cir. 2011); Lone Star OB/GYN Assocs. v. Aetna Health, Inc., 579 F.3d 525, 530 (5th Cir. 2009); Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 403-04 (3d Cir. 2004); Blue Cross v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1051 (9th Cir. 1999). In contrast, "[i]f a party is suing 'under obligations created

---

2511, 2007 WL 3036835, at *1 (S.D. Tex. Oct. 17, 2007); Lone Star OB/GYN Associates v. Aetna Health Inc., 579 F.3d 525, 528 (5th Cir. 2009); C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc., 807CV1443T27MAP, 2007 WL 3528366, at *1 (M.D. Fla. Nov. 15, 2007); Omega Hosp., L.L.C. v. Aetna Life Ins. Co., CIV.A. 08-3712, 2008 WL 2787466, at *3 (E.D. La. July 16, 2008); New Jersey Spinal Med. and Surgery, P.A. v. Aetna Ins. Co., CIV.A. 09-2503 (WJM), 2009 WL 3379911, at *4 (D.N.J. Oct. 19, 2009); Sheridan Healthcorp, Inc. v. Aetna Health Inc., 161 F. Supp. 3d 1238, 1242 (S.D. Fla. 2016).

by the plan itself, [instead of] under obligations independent of the plan and the plan member,' the alleged obligations implicate legal duties which are not entirely independent of ERISA, and thus are subject to complete preemption." Gables Ins. Recovery, 39 F. Supp. 3d 1259, 1265 (S.D. Fla. 2015) (quoting Spring E.R., LLC v. Aetna Life Ins. Co., No. H-09-2001, 2010 U.S. Dist. LEXIS 13565, 2010 WL 598748, at *5 (S.D. Tex. Feb. 17, 2010)).[3]

Recently, in Sheridan Healthcorp, Inc. v. Aetna Health Inc., 161 F. Supp. 3d 1238 (S.D. Fla. 2016), the District Court, under similar circumstances in a case involving Coventry, rejected Coventry's argument that the plaintiff's claims fell within the scope of ERISA. Similar to this case, in Sheridan, the plaintiff asserted breach of contract claims against Aetna and Coventry as a result of the defendants' failure to pay the plaintiff the full contractual amounts owing for medical services rendered by the plaintiff's physicians. Sheridan, 161 F. Supp. 3d. at 1242. In Sheridan, Coventry and Aetna removed the case to federal court after Sheridan produced a spreadsheet identifying specific medical claims on the basis that once the spreadsheet was disclosed, it "became clear, for the first time, that Sheridan was disputing coverage determinations under both ERISA and FEHBA plans." Id. at 1243. In determining that the plaintiff's claims did not fall within the scope of ERISA, the court ruled that since the plaintiff was suing for breach of its agreement—not a denial of benefits—no interpretation of an ERISA-regulated health plan was necessary. Id. at 1246. The same is true here.

---

[3] In the Gables Ins. Recovery matter, the plaintiff was a collection agency which specifically pleaded in its complaint that "[n]either Plaintiff nor [SMC] has received payment for the medical services provided to the patient and the Defendant has not made payment, explained or justified the reason for its non-payment." Gables, 39 F. Supp. 3d at 1264. Accordingly, unlike this case, in Gables, the plaintiff's claims involved the *right to* payment on the face of the Complaint, and therefore implicated ERISA. Here, in contrast, Plaintiffs' claims expressly include only medical claims that Coventry adjudicated as covered under their respective plans but underpaid, and thus which concern only the *rate of* payment. Plaintiffs' claims do not implicate ERISA.

In this case, as in Sheridan, Coventry's only basis for removal appears to be its allegations of the "mere existence" of ERISA plans and its improper attempts to mischaracterize, without support, the claims stated by Plaintiffs in their Complaint. While claims made by beneficiaries under those plans for a denial of benefits may be preempted, those are not the claims made by the Plaintiffs in this Complaint.  Plaintiff provider groups are not purporting to "stand in the shoes" of a plan beneficiary and sue Coventry for a denial of benefits.  Complaint at ¶ 2 ("This action does not include any claims in which benefits were denied nor does it challenge any coverage determinations under an ERISA plan").  Tellingly, Coventry is unable to point to anything in the Complaint that states otherwise.  To the contrary, as the Plaintiffs' Complaint makes clear, the Plaintiffs are suing Coventry on their own behalf for its violation of independent statutory and quasi-contractual obligations owed to Plaintiffs under Florida state law to pay them fair market value for the services the Plaintiffs are obligated by law to provide. Complaint at ¶ 2 ("In this action, Plaintiffs are seeking to have Coventry comply with its obligation to pay them at rates that represent both the 'usual and customary provider charges' required by statute and the reasonable value of their services in the marketplace required under *quantum meruit* based on their implied-in-fact and/or implied-in-law contract").  The legal claims at issue in this matter do not require an interpretation of an ERISA plan, as there is no issue relating to whether the claims are covered.  As a  result, Coventry falls woefully short of justifying its removal of Plaintiffs' claims on the basis of ERISA preemption.

In short, Plaintiffs' Complaint sets forth their allegations that the Defendant's underpayments violated independent state law duties owed to Plaintiffs – and not claims for benefits under ERISA plans.  Therefore, the Defendant's removal of this matter is not justified. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009)

(citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)). ERISA preemption does not apply to Plaintiffs' claims, and Plaintiffs' Motion to Remand should be granted.

### III.  CONCLUSION

For the reasons set forth above, this Court does not have subject matter jurisdiction over Plaintiffs' claims, and this Court should remand this case to the appropriate state court. Further, as Coventry has no reasonable basis for removing the Plaintiffs' case to this Court, Plaintiffs respectfully request an award of attorneys' fees and costs relating to this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order remanding this lawsuit to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and awarding attorneys' fees and costs, together with any further relief the Court deems just and proper.

Respectfully submitted this 13th day of January, 2017.

| | |
|---|---|
| Of Counsel | **DUANE MORRIS LLP**<br>*Counsel for Plaintiffs* |
| Michael R. Gottfried, Esq.<br>Robert Zaffrann, Esq.<br>Duane Morris LLP<br>100 High Street, Suite 2400<br>Boston, MA  02110-1724<br>Telephone:  857.488.4200<br>Facsimile:  857.488.4201<br>MRGottfried@duanemorris.com<br>RZaffrann@duanemorris.com | By:  /s/ Harvey W. Gurland, Jr.<br>Harvey W. Gurland, Jr., P.A.<br>Florida Bar No. 284033<br>Felice K. Schonfeld, Esq.<br>Florida Bar No. 266523<br>Duane Morris LLP<br>200 S. Biscayne Boulevard, Suite 3400<br>Miami, FL 33131-2318<br>Telephone:  305.960.2214<br>Facsimile:  305.397.1874<br>HWGurland@duanemorris.com<br>FKSchonfeld@duanemorris.com |
| Gregory A. Brodek, Esq.<br>Duane Morris LLP<br>88 Hammond Street, Suite 500<br>Bangor, ME 04401-4953<br>Telephone:  207.262.5400<br>Facsimile:  207.262.5401<br>GABrodek@duanemorris.com | |

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the instant motion but the parties have not been able to agree.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a true and correct copy of the foregoing document was served on all counsel or parties of record on the Service List below by electronic service using CM/ECF.

/s/ Harvey W. Gurland, Jr.
Harvey W. Gurland, Jr., P.A.

## SERVICE LIST

David J. DePiano
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road
Suite 400
Boca Raton, FL 33434
561 477 7800
Fax: 561 477 7722
Email: djdepiano@sbwlawfirm.com
*Counsel for Defendant*

Richard Philip Hermann, II
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
561 477 7800
Fax: 561 477 7722
Email: rhermann@sbwlawfirm.com
*Counsel for Defendant*
DM2\7431195.6